UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DUSTIN BRAWLEY                                                                                          PLAINTIFF

V.                                       3:16CV00118 DPM/JTR

POINSETT COUNTY DETENTION CENTER                                        DEFENDANT

**ORDER**

Plaintiff, Dustin Brawley, has filed this *pro se* § 1983 action alleging that his constitutional rights were violated while he was a pretrial detainee at the Poinsett County Detention Center.[1]

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the

---

[1] Plaintiff was released from custody soon after he filed his Complaint and is currently living in Illinois. *Doc. 4.*

complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Plaintiff alleges that *unnamed* individuals at the Poinsett County Detention Center violated his constitutional rights by: (1) failing to provide him with constitutionally adequate medical care for unspecified "arm & head problems;" (2) subjecting him to a substantial risk of harm by locking his cell with a pad lock; (3) forcing him to live in moldy and unsanitary conditions without giving him cleaning supplies; and (4) treating him differently than other detainees without explaining *how* and *why* he was treated differently. Doc. 2.

There are a number of significant pleading deficiencies in Plaintiff's Complaint. First, the only named Defendant is the Poinsett County Detention Center, which is not a proper party in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008) (unpublished opinion).

Second, the Complaint violates Federal Rule of Civil Procedure 20(a)(2), which provides that only factually and legally related claims can be joined in one lawsuit. *See also Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (affirming a trial court's decision to sever a prisoner's complaint

into three separate actions and obligating him to pay three separate filing fees).

Finally, Plaintiff's allegations are so vague that the Court cannot determine whether he has pled a viable claim for relief. *See* Fed. R. Civ. Pro. 8(a) (clarifying that a complaint must contain a "short and plain statement" showing that the plaintiff is entitled to relief ).

Accordingly, the Complaint is stricken from the record. Plaintiff has thirty days to file a Substituted Complaint that complies with Fed. R. Civ. P. 20 and the instructions in this Order. In the Substituted Complaint, Plaintiff must: (1) include only his factually and legally related claims[2] (2) provide specific facts explaining how that claim rises to the level of a constitutional violation; (3) name, as Defendants, the individuals who were personally involved in that claim; (4) clarify how *each* Defendant *personally participated* in those claim; and (5) explain how long he suffered that specific constitutional violation, how he was harmed, and whether his claim is now moot due to his release from custody.

IT IS THEREFORE ORDERED THAT:

1. The Complaint *(Doc. 2)* is STRICKEN from the record.

2. Plaintiff must file, **on or before June 16, 2016,** a Substituted Complaint

---

[2] For instance, Plaintiff may bring all of his claims regarding the medical care he received at the Poinsett County Detention Center in this lawsuit, and then pursue his other factually and legally distinct claims in *new* and *separately filed* cases.

that complies with the Federal Rules of Civil Procedure and the Court's instructions. If he does not timely and properly do so, this case will be dismissed, without prejudice.

3. The Clerk is directed to mail Plaintiff a § 1983 complaint form that is labeled "Substituted Complaint."

Dated this 17th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE